# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| GERALD L. DAMIANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 14-02863 LB<br><br>**ORDER (1) DENYING DEFENDANTS' MOTION TO STRIKE AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF Nos. 11, 21] |

## INTRODUCTION

On June 20, 2014, Plaintiff Gerald L. Damiano, who is proceeding pro se, filed a complaint against Defendants City and County of San Francisco ("CCSF") and San Francisco Municipal Transportation Agency ("SFMTA"). Complaint, ECF No. 1.[1] Defendants move to dismiss Mr. Damiano's complaint and to strike his opposition papers. Motion to Dismiss, ECF No. 11; Motion to Strike, ECF No. 21. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the November 20, 2014 hearing. Upon consideration of Defendants' motion, Mr. Damiano's papers submitted in response, and the applicable authority, the court grants Defendants' motion to dismiss and dismisses Mr. Damiano's complaint with prejudice, and denies Defendants' motion to strike as moot.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the ECF-generated page numbers at the top of the document.

**STATEMENT**

According to his allegations and the documents attached to his complaint, it appears that Mr. Damiano's story is as follows. On May 13, 2013, Mr. Damiano received in the mail a letter from SFMTA. Complaint, ECF No. 1 at 2; *id.*, Ex. 1, ECF No. 1 at 10. That letter, titled "WARNING – INTENT TO NOTIFY DMV," stated that Mr. Damiano was given a parking ticket roughly four months earlier, on January 24, 2013, for parking in front of 2030 Rivera Street during street cleaning. *Id.*, ECF No. 1 at 2; *id.*, Ex. 1, ECF No. 1 at 10. The ticket apparently was numbered 822922796. *Id.*, Ex. 1, ECF No. 1 at 10. The letter also stated that SFMTA's records indicated that Mr. Damiano filed to respond to the parking ticket and so a late fee was applied, meaning that he now needed to pay $131.00 to SFMTA by June 10, 2013. *Id.*, Ex. 1, ECF No. 1 at 10. The letter further informed Mr. Damiano that his failure to make this payment or file an affidavit of non-liability either by mail or in person would result in increased penalties and the withholding of his vehicle registration by the Department of Motor Vehicles ("DMV"). *Id.*, Ex. 1, ECF No. 1 at 10.

The next day, on May 14, 2013, Mr. Damiano mailed a letter to SFMTA that requested a certified copy of the original parking ticket. *Id.*, ECF No. 1 at 2; *id.*, Ex. 1A, ECF No. 1 at 11. He requested a certified copy of the parking ticket because he "did not, to [his] knowledge ever find this [parking ticket] on, or around [his] vehicle." *Id.*, Ex. 1A, ECF No. 1 at 11. He also stated that had he found the parking ticket on his vehicle, he would have already protested it, which he always does as a matter of principle. *Id.*

On May 20, 2013, SFMTA responded by letter to Mr. Damiano's May 14, 2013 letter. *Id.*, ECF No. 1 at 2; *id.*, Ex. 1B, ECF No. 1 at 12. SFMTA's letter stated that it interpreted his letter as one for an administrative review of the parking violation, and it then stated that "[his] request was received after the time specified in the California Vehicle Code section 40215 for contesting [his] parking citation." *Id.* It can be inferred from Mr. Damiano's allegations and SFMTA's letter that SFMTA thus refused to provide him with a copy of the parking ticket.

On May 28, 2013, Mr. Damiano wrote another letter to SFMTA. *Id.*; *id.*, Ex. 2, ECF No. 1 at 5. In that letter, Mr. Damiano stated, among other things, that he did not request an administrative hearing but instead had requested a certified copy of the parking ticket, and he again asserted that he

1  had not found a parking ticket on his vehicle. *Id.*, ECF No. 1 at 2; *id.*, Ex. 2, ECF No. 1 at 5.

2  On June 3, 2013, SFMTA responded to Mr. Damiano's May 28, 2013 letter. *Id.*, ECF No. 1 at 3; *id.*, Ex. 2A, ECF No. 1 at 6. SFMTA's letter stated that his protest of the parking ticket had been forwarded to the "Hearing Section." It also stated that

> The Administrative Review decision letter states that a request for an administrative hearing must be made within twenty-one (21) calendar days from the date of the decision letter. The protest was mailed beyond the allowable time for protesting the parking citation. Your request fro a hearing cannot be accepted.

*Id.*, Ex. 2A, ECF No. 1 at 6. The letter further states, in handwriting rather than type:

> The citation was issued on 1/24/13.
> You were sent the 1st notice on 4/10/13.
> You were sent the 2nd notice on 5/10/13.
> The postmark on your letter is 5/28/13.
> There is no record on returned mail from you.

*Id.* Again, it can be inferred from Mr. Damiano's allegations and SFMTA's letter that SFMTA thus refused to provide him with a copy of the parking ticket.

Mr. Damiano alleges that without a copy of the parking ticket he could not determine whether the pay the fine or assert an affirmative defense. *Id.*, ECF No. 1 at 3. Nevertheless, he had to pay the fine when he registered his vehicle at the DMV on December 30, 2013. *Id.*

Mr. Damiano then sued CCSF and SFMTA in this court on June 20, 2014. *See generally id.* In his complaint, Mr. Damiano asserts, without much elaboration, that SFMTA's actions violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. *Id.*, ECF No. 1 at 3. The gist of his claims appears to be that his right to due process of law was violated. *See id.*

On October 10, 2014, Defendants moved to dismiss Mr. Damiano's complaint. Motion to Dismiss, ECF No. 11. On November 10, 2014 (well past the deadline for filing an opposition), Mr. Damiano filed two documents, which both make clear that Mr. Damiano opposes Defendants' motion. Opposition 1, ECF No. 19; Opposition 2, ECF No. 20. In response, Defendants moved to strike Mr. Damiano's untimely papers. Motion to Strike, ECF No. 21.

# ANALYSIS

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where

district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## II. THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS

As an initial matter, the court notes that Mr. Damiano's Constitutional claims were improperly pled. The Ninth Circuit has held that "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983" and may not bring direct Constitutional claims. *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993); *see also* Schwartz and Urbonya, Section 1983 Litigation, Second Edition (FJC 2008) ("§ 1983 provides the exclusive available federal remedy for violations of federal constitutional rights under color of state law. Thus, plaintiffs may not avoid the limitations of a § 1983 claim for relief by asserting a claim directly under the Constitution."). Here, Mr. Damiano did not bring his claims through Section 1983. In addition, Mr. Damiano sued CCSF (which includes SFMTA), but local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Department of Soc. Servs.*, 463 U.S. 658, 690 (1978). Mr. Damiano did not allege facts to support such a claim.

Even so, his claims fail. First, there is no basis whatsoever to support a claim for a violation of Mr. Damiano's Fourth Amendment right to be free from unreasonable searches and seizures.

Second, the Sixth Amendment applies only to criminal proceedings, and parking violations like the one at issue here are civil penalties. *See* Cal. Veh. Code. §§ 40200(a) ("Any violation of any regulation that is not a misdemeanor governing the standing or parking of a vehicle under this code, under any federal statute or regulation, or under any ordinance enacted by local authorities is subject to a civil penalty. The enforcement of those civil penalties shall be governed by the civil administrative procedures set forth in this article."), 40203.5(b) ("Parking penalties under this article shall be collected as civil penalties."). The Sixth Amendment, then, does not apply.

Third, his procedural due process claims under the Fifth and Fourteenth Amendments also fail. To the extent that Mr. Damiano challenges the process for contesting parking tickets that is set out in California Vehicle Code §§ 40200-40230, courts have previously made clear that the process passes Constitutional muster. *See Yagman v. Garcetti*, No. CV 14-2330-GHK, 2014 WL 3687279, at *2

(C.D. Cal. July 9, 2014) ("[C]ourts universally agree that the California procedure for contesting parking tickets comports with due process."); *Waters v. Hollywood Tow Serv.*, No. CV 07–7568 CAS (AJWx), 2010 U.S. Dist. LEXIS 93091, at *25 (C.D. Cal. July 27, 2010) ("[T]he Vehicle Code procedures for administrative review of parking citations, including prepayment of the parking penalty [as] a prerequisite to requesting an administrative hearing, satisfy procedural due process standards."); *Moore v. City of Santa Monica*, No. 2:04-cv-8720–JVS, [Dkt. Nos. 30, 33] (C.D. Cal. May 18, 2005), *aff'd*, 185 F. App'x 661 (9th Cir. 2006) (dismissing with prejudice pro se plaintiff's due process claims arising from parking tickets he received in Santa Monica because California provides an "adequate and prompt post-deprivation remedy"); *Love v. City of Monterey*, 37 Cal. App. 4th 562, 586 (Cal. Ct. App. 1995) (agreeing with *Tyler* that "the statutory scheme for contesting parking tickets does not violate due process requirements"); *Tyler v. County of Alameda*, 34 Cal. App. 4th 777, 787 (Cal. Ct. App. 1995) (concluding "that an evidentiary hearing need not be held before [a] contestant deposits the parking penalty" and "that the statutory scheme for contesting parking tickets does not violate due process requirements"). And to the extent that Mr. Damiano basis his claims on the failure of SFMTA to provide him with a certified copy of the parking ticket, he does not provide, and the court has not found, any authority stating that this failure resulted in the deprivation of a constitutionally protected liberty or property interest. *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3 d 963, 970 (9th Cir. 2010) ("A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection."). In addition, as Defendants point out, Mr. Damiano did not request a certified copy of the parking ticket until well after his deadline for contesting the parking ticket. Thus, even if he had received it, it was too late for him to do anything with it.

Accordingly, because all of Mr. Damiano's Constitutional claims fail as a matter of law, the court grants Defendants' motion and dismisses his complaint with prejudice.

### III. THE COURT DENIES DEFENDANTS' MOTION TO STRIKE

Given that the court has considered Mr. Damiano's late opposition papers but nevertheless has dismissed his complaint, the court denies Defendants' motion to strike as moot.

## CONCLUSION

Based on the foregoing, the court grants Defendants' motion and dismisses Mr. Damiano's complaint with prejudice. The court also denies Defendants' motion to strike as moot. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2014

_____
LAUREL BEELER
United States Magistrate Judge