UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GERALD L. DAMIANO, | No. C 14-02863 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | [Re: ECF Nos. 23] |
| Defendants. | |

On June 20, 2014, Plaintiff Gerald L. Damiano, who is proceeding pro se, filed a complaint against Defendants City and County of San Francisco ("CCSF") and San Francisco Municipal Transportation Agency ("SFMTA"). Complaint, ECF No. 1.[1] On November 14, 2014, upon Defendants' motion, the court dismissed Mr. Damiano's complaint with prejudice. 11/14/2014 Order, ECF No. 22.

Four days later, Mr. Damiano filed a letter asking the court the "allow [him] some latitude in managing [his] case." Letter, ECF No. 23. He also stated that he believes that Defendants' counsel intentionally has made errors, misrepresented facts, and "gloss[ed] over" documentation showing potential fraud by SFMTA, and has asserted defenses that are "spurious at best." *Id.* at 1. He also directed the court's attention to a newspaper article published by The San Francisco Examiner on

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the ECF-generated page numbers at the top of the document.

C 14-02863 LB
ORDER

July 2, 2014 and which relates to allegations that SFMTA parking officers have issued improper citations. *Id.*

Given that "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the court will construe Mr. Damiano's letter as a motion for leave to file a motion for reconsideration of the court's dismissal of his action. Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[2] In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civ. L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." N.D. Cal. Civ.

---

[2] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

L.R. 7-9(d).

Upon consideration of the applicable standard, the court concludes that Mr. Damiano's request must be denied. He has not presented the court with newly discovered evidence, shown that the court's dismissal was in clear error or manifestly unjust, or that there has been an intervening change in controlling law. Accordingly, the court **DENIES** Mr. Damiano's request.

**IT IS SO ORDERED.**

Dated: November 20, 2014

_____
LAUREL BEELER
United States Magistrate Judge